IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| Michael C. Rhodes, ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:09-CV-00126- SNLJ |
| ) | |
| vs. ) | |
| ) | |
| Dalton Morgan ) | |
| ) | |
| And ) | |
| ) | |
| Morgan Machinery, Inc. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DALTON MORGAN'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

COMES NOW, Defendant Dalton Morgan (hereinafter " Morgan"), by and through counsel, and submits the following Memorandum of Law in Support of his Motion to Dismiss Plaintiff's Third Amended Complaint pursuant to Federal Rule 12(b)(2), for lack of personal jurisdiction.

FACTUAL BACKGROUND

This matter arises out of injuries allegedly sustained by plaintiff Michael C. Rhodes. Plaintiff in his Complaint states that he was injured while using an "edger" used to cut wood which was allegedly manufactured, designed and sold by defendants. Plaintiff's Third Amended Complaint does not state where the injury occurred. Plaintiff does not indicate where the "edger" was manufactured, designed or sold.

Defendant Morgan Machinery, Inc. has entered its appearance herein and filed an answer to plaintiff's petition.  Dalton Morgan is one of the owners of Morgan Machinery, Inc.

Plaintiff's Third Amended Complaint contains no allegations that this Court may assert personal jurisdiction over defendant Dalton Morgan.  The Complaint is silent as to what acts of this defendant subjects him to personal jurisdiction in the State of Missouri.  The only clear link between this action and Missouri is that plaintiff and his attorney reside here.

The affidavit submitted by defendant Dalton Morgan demonstrates that he has no connection whatsoever with Missouri and that subjecting him to personal jurisdiction would violate his guarantees of due process under the United States Constitution.

The affidavit of Dalton Morgan indicates that he is a resident of the State of Louisiana.  He has not conducted, nor has he conducted in the past, any regular business activity in the State of Missouri, does not direct any goods or services into Missouri, does not do business in Missouri, and does not purposefully, or even indirectly, avail himself of the benefits or protections of the laws of the State of Missouri.  He has never been employed in Missouri, he does not have a Missouri mailing address or telephone number, he does not own and never has owned any real or personal property in Missouri, he has not bank accounts in Missouri and does not pay taxes to the State of Missouri.

<u>DISCUSSION OF APPLICABLE LAW</u>

This Court should dismiss this matter because it does not have personal jurisdiction over defendant Dalton Morgan.  Initially, plaintiff's Third Amended Complaint is deficient on its face because it alleges no facts on which personal

jurisdiction over defendant Dalton Morgan may be asserted.  See *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004).  For this reason alone, service of process upon this defendant should be quashed and plaintiff's Third Amended Complaint should be dismissed for lack of personal jurisdiction.

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff "must state sufficient facts in the complaint to support a reasonable inference that the defendants can be subject jurisdiction within the state."  Once jurisdiction has been controverted or denied, the plaintiff has the burden of proving such facts." *Dever*, 380 F.3d at 1072, quoting *Block Indus. V. DHJ Indus. Inc.*, 495 F.2d 256, 259 (8th Cir. 1974). "The plaintiff's prima facie showing must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." *Id*. "When a defendant raises through affidavits, documents or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents." *Dever*, 380 F.3d at 1073, quoting *Jet Charter Serv. Inc. v. W. Koeck*, 907 F.2d 1110, 1112 (11th Cir. 1990).

This Court is guided by two primary rules when deciding whether to exercise personal jurisdiction over a nonresident defendant:  first, the forum state's long-arm statute must be satisfied, and, second, due process must not be violated.  *Staple Cotton Coop. Assoc. v. D.G. and G., Inc.*, 2007 WL2409744, *2 (E.D. Mo. 2007, Judge Mummert), citing *DigiTel Holdings, Inc. v. Proteq Telecommunications, Ltd.*, 89 f.3d 519, 522 (8th Cir. 1996).  The "'ultimate objective' o f Missouri' long-arm statute is to extend the jurisdiction of the courts of Missouri over nonresident defendants to that extent permissible under the Due Process Clause of the Fourteenth Amendment of the

Constitution of the United States." *Staple Cotton Coop. Assoc. v. D.G. and G., Inc.*, 2007 WL2409744, quoting *Clune v. Alimak AB*, 233 F.3d 538, 541 (8th Cir. 2000). Accordingly, Missouri courts have interpreted the statute broadly to cover those cases where the Due Process Clause permits the assertion of personal jurisdiction." *Id*. Thus, this Court's inquiry into whether the assertion of personal jurisdiction over Dalton Morgan satisfies Missouri's long-arm statute is coextensive with its inquiry into whether the assertion satisfied due process.

To satisfy due process, the plaintiff must demonstrate "minimum contacts" between the nonresident defendant and the forum state. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 U.S. S.Ct. 154 (1945). "The Supreme Court has set forth two theories for evaluating minimum contacts, general jurisdiction and specific jurisdiction." *Dever*, 380 F.3d at 1073. "Where a forum state seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, this "fair warning" requirement is satisfied if the defendant has "purposefully directed" his activities at residents of the forum and the litigation results from alleged injuries that "arise out or relate to" those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473, 105 S.Ct. 2174 (1985).

"A court may also exercise general jurisdiction over a defendant who has continuous and systematic contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum." *Dever*, 380 F.3d at 1073, quoting *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. at 416, 104 S.Ct. 1868 (1984). "General jurisdiction … refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the

cause of action arose." *Staple Cotton Coop. Assoc. v. D.G. and G., Inc.*, 2007 WL2409744, quoting Lakin v. Prudential Securities, Inc. 348 F.3d 704, 707 (8th Cir. 2003). General jurisdiction may exist if the defendant's contacts with the forum state are continuous and systematic. *Id.*, citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. at 416, 104 S.Ct. 1868 (1984); *Epps v. Stewart Info. Servs. Corp.*, 372 F.3d 642, 648 (8th Cir. 2003); ); *Lakin*, 348 F.3d at 709.

In cases involving specific personal jurisdiction, as is the case here, jurisdiction is viable only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state. *Romak USA*, 348 F.3d at 984. In other words, the cause of action must arise out or relate to a defendant's activities within the forum state. *Id.*

In determining whether such a showing has been made, the Court should examine: "(1) the nature and quality of contacts with [Missouri]; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; [4] the interest of [Missouri] in providing a forum for its residents; and (5) [the] convenience of the parties." *Id.* The first three considerations are of primary importance.

In the present matter neither general nor specific personal jurisdiction may be asserted over Dalton Morgan. Mr. Morgan is not subject to this Court's general personal jurisdiction because there has been absolutely no showing that this defendant had any contact with the State of Missouri, let alone continuous and systematic contact with this state. Morgan's affidavit clearly establishes this. See *Affidavit of Dalton Morgan*. Nor is Morgan subject to specific personal jurisdiction because Morgan has absolutely no activities within the forum state.

WHEREFORE, Defendant Dalton Morgan respectfully suggests that this Court should dismiss Plaintiff's Third Amended Complaint against him because it does not have personal jurisdiction over him, and for such other and further relief as the Court deems just and proper.

**BAKER STERCHI COWDEN & RICE, L.L.C.**

*/s/Robert F. Chandler*
**Robert F. Chandler**, #50014MO
1010 Market Street, Suite 950
St. Louis, Missouri 63101
(314) 231-2925
Fax:  (314) 231-4857
Email:  chandler@bscr-law.com

Attorney for Defendant
Morgan Machinery, Inc.

**CERTIFICATE OF SERVICE**

This hereby certifies that the following has been sent via electronic delivery on this 26th day of July, 2011.

*/s/Robert F. Chandler*