**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL C. RHODES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 1:09CV126 SNLJ** |
| | ) | |
| **MORGAN MACHINERY, INC., et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM

Plaintiff brings this products liability lawsuit against defendant Morgan Machinery, Inc., and its owner, defendant Dalton Morgan. Defendant Dalton Morgan has filed a Motion to Dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) (#35). The parties engaged in limited discovery for the purpose of briefing this motion. Plaintiff has now responded, and this matter is now ripe for disposition.

Plaintiff was injured while performing his duties as an edger operator at B&B Pallet Lumber, LLC. Plaintiff alleges that when he reached down to retrieve a piece of wood which had fallen under the edger's unguarded nip point, his shirt, right hand, and right arm were grabbed by a conveyer belt and dragged into the edger's roller and seriously injuring plaintiff.

In a diversity action such as this one, the Court "may assume jurisdiction over the nonresident defendants only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." *Romak USA, Inc. v. Rich*, 384 F.3d 979, 984 (8th Cir. 2004). A party seeking to invoke the jurisdiction of a federal court bears the burden to establish that jurisdiction exists. *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008); *Moog World Trade Corp. v. Bancomer, S.A.*, 90 F.3d 1382, 1384 (8th Cir. 1996). To survive a motion to dismiss for

lack of personal jurisdiction, the non-moving party need only make a prima facie showing of jurisdiction; that is, the "plaintiff must state sufficient facts in the complaint to support a reasonable inference that defendants may be subjected to jurisdiction in the forum state." *Steinbuch*, 518 F.3d at 585.

The Eight Circuit employs a five-factor test in determining whether personal jurisdiction exists, giving "significant weight" to the first three factors: (1) the nature and quality of defendant's contacts with Missouri; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of Missouri in providing a forum for its residents; and (5) the convenience of the parties. *Romak USA, Inc.*, 384 F.3d at 984 (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004).

Defendant Dalton Morgan is one of the owners of defendant Morgan Machinery. Defendant Morgan Machinery has entered its appearance and filed an answer to plaintiff's complaint. Defendant Dalton Morgan, however, contends that he should be dismissed from this action because the Court lacks personal jurisdiction over him. Defendant Dalton Morgan states that he is a resident of the State of Louisiana, does not direct any goods or services into Missouri, does not do business in Missouri, and does not purposefully, or even indirectly, avail himself of the benefits or protections of the laws of the State of Missouri. Defendant Dalton Morgan further avers that he has never been employed in Missouri, he does not have a Missouri mailing address or telephone number, he does not own and never has owned any real or personal property in Missouri, he has no bank accounts in Missouri, and does not pay Missouri state taxes.

Curiously, plaintiff's opposition memorandum — which was filed only after months of "discovery"on this topic — appears to focuses only on this Court's personal jurisdiction over Morgan Machinery, which has never contested jurisdiction. Plaintiff submits that the edger in

question was sold by "Defendants" to B&B Pallet Lumber, LLC, which is a Missouri company. Further, he attaches photographs that he says verify that the edger was manufactured and sold by "Defendants." Thus, plaintiff asserts, Missouri's Long Arm Statute, 506.600.1(3), allows this Court to assert personal jurisdiction over "Defendants" because their product caused "the commission of a tortious act within the this state."

However, plaintiff makes no distinction between defendant Morgan Machinery — which does not challenge personal jurisdiction — and its owner, defendant Dalton Morgan. Plaintiff states simply that "Defendant Dalton Morgan personally and by and through his company, Morgan Machinery, Inc., sold [the edger] to B&B Pallet Lumber, LLC in Birch Tree, Missouri." Plaintiff appears to premise his argument in support of personal jurisdiction over Dalton Morgan on the fact that Dalton Morgan is a shareholder and/or officer of Morgan Machinery. "Generally, a court may not exercise jurisdiction over individual officers of a corporation merely on the basis of contacts sufficient to justify the exercise of personal jurisdiction over the corporation." *Fleishman-Hillard, Inc. v. McCombs*, 4:10cv676 CAS, 2011 WL 53077, at \*2 (E.D. Mo. Jan. 7, 2011) (citing 16 James Wm. Moore, *Moore's Federal Practice* § 108-42[3][b] (3d ed. 2010)). Although the Eighth Circuit recognizes an exception to that rule when the corporation is merely an "alter ego" of its shareholders, *Lakota Girl Scout Council, Inc. v. Havey Fund-Raising Mgmt., Inc.*, 519 F.2d 634, 638 (8th Cir.1975), plaintiff has not alleged that Morgan Machinery is the alter ego of Dalton Morgan. Given that this Court has been given no reason to "pierce the corporate veil" of Morgan Machinery, and given Dalton Morgan's lack of any contact with Missouri, this Court must hold that it does not have personal jurisdiction over Dalton Morgan.

Dated this __8th__ day of December, 2011.

_____
UNITED STATES DISTRICT JUDGE